**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**


WILLIE WESSON
ADC #113679                                                                                                            PLAINTIFF


V.                                            4:06CV00420 WRW/JTR


RICHARD H. MILES,
Chief Executive Officer,
Correctional Medical Services, et al.                                                         DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Delta Regional Unit of the Arkansas Department of Correction has filed a *pro se* § 1983 Complaint alleging that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, by providing him with inadequate medical care in the form of a "botched" laminectomy at discs L5 and SI.[1] *See* docket entry #2. Plaintiff brings his federal constitutional claim pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1357, and 22 U.S.C. § 2702. *Id.* Additionally, he raises a pendent medical malpractice claim

---

[1] Specifically, Plaintiff alleges that: (1) Defendants Correctional Medical Services ("CMS") CEO Richard Miles, the CMS Utilization Medical Review Committee, and Dr. Roland Anderson referred him to Dr. B. Adada at UAMS for back surgery; (2) those Defendants made the referral – despite their knowledge that Dr. Adada was incompetent – for cost saving reasons; (3) Dr. Adada performed the surgery negligently; and (4) UAMS allowed Dr. Adada to operate even though it knew he was incompetent. *See* docket entry #2.

under state law. *Id.*

Separate Defendant Dr. Anderson has filed a Motion to Dismiss and a Supporting Brief, to which Plaintiff has filed two Responses. *See* docket entries #9, #10, #21, and #22. Separate Defendant University of Arkansas for Medical Sciences ("UAMS") also has filed a Motion to Dismiss and a Supporting Brief, to which Plaintiff has filed a Response. *See* docket entries #23, #24, and #25. Finally, Plaintiff has filed a Motion for Default Judgment against Separate Defendant B. Adada. *See* docket entry #29. For the reasons set forth herein, the Court recommends that: (1) Defendant Anderson's Motion to Dismiss be granted; (2) Defendant UAMS's Motion to Dismiss be dismissed, as moot; and (3) Plaintiff's Motion for Default Judgment be denied.

## II. Discussion

### A. Defendant Anderson's Motion to Dismiss

On May 8, 2006, Separate Defendant Anderson filed a Motion to Dismiss arguing that Plaintiff's federal claims must be dismissed, without prejudice, pursuant to the exhaustion requirement found in the Prison Litigation Reform Act ("PLRA").[2] *See* docket entries #9 and #10. This argument is well taken.

The PLRA provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or <u>any other Federal law</u>, by a prisoner confined

---

[2] The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to: (1) fully exhaust their administrative remedies as to <u>each</u> <u>claim</u> and <u>each</u> <u>defendant</u> mentioned in the complaint; and (2) complete the exhaustion process <u>prior</u> to filing an action in federal court.  *See Abdul-Muhammad v. Kempker,* 450 F.3d 350, 352 (8th Cir. 2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

Plaintiff concedes that he has not exhausted his administrative remedies.  *See* docket entries #2, #21, and #22.  However, Plaintiff argues that he is not required to do so because: (1) he is seeking monetary damages, which are unavailable in the prison grievance procedure; and (2) the PLRA's exhaustion requirement does not apply to the claims he has brought pursuant to 28 U.S.C. § 1357 and 22 U.S.C. § 2702.  *Id.*

In *Booth v. Churner*, 532 U.S. 731 (2001), the Court held that § 1997e(a) requires an inmate to complete the administrative prison grievance process even when the prison grievance system does not permit an award of monetary damages.  Additionally, the plain language of § 1997e(a) clearly states that it applies to a prisoner's case brought pursuant to § 1983 or "any other Federal law." Accordingly, the Court concludes that Plaintiff has failed to properly exhaust his administrative remedies as to the <u>federal</u> claims he has brought pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1357, and 22 U.S.C. § 2702.

Although neither party addresses the matter, it is also clear from the plain language of the PLRA that the exhaustion requirement does <u>not</u> apply to <u>state</u> law claims, such as the medical malpractice claim Plaintiff also raises in this case.  However, it is well settled that a federal district

court may decline to exercise supplemental jurisdiction over pendent state law claims when the court has dismissed all federal claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (holding that a district court did not err when it declined to exercise supplemental jurisdiction over an inmate's medical malpractice claim after the inmates' federal claims were dismissed due to a lack of exhaustion).

Accordingly, the Court recommends that: (1) the Motion to Dismiss all federal claims due to a lack of exhaustion be granted; and (2) the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state medical malpractice claim.

**B.     Defendant UAMS's Motion to Dismiss**

On June 7, 2004, Separate Defendant UAMS filed a Motion arguing that it should be dismissed from this action for several reasons. *See* docket entry #23. There is no need for the Court to address those arguments because it has already concluded, as explained in the preceding section, that this entire case should be dismissed, without prejudice. Accordingly, the Court recommends that Defendant UAMS's Motion to Dismiss be dismissed, as moot.

**C.     Plaintiff's Motion for Default Judgment**

On July 24, 2006, Plaintiff filed a Motion arguing that he is entitled to default judgment against separate Defendant Dr. Adada. *See* docket entry #29. Federal Rule of Civil Procedure 55 provides that a plaintiff is entitled to default judgment if a defendant does not timely respond to a complaint by filing an answer or dispositive motion. The Court's records indicate that Defendant Adada timely filed an Answer on May 15, 2006.[3] *See* docket entry #15. Accordingly, the Court

---

[3]An answer to a complaint must be served within twenty days of service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A). The Court's records indicate that service was completed upon Defendant Adada on April 25, 2006. *See* docket entry #6. Thus, his Answer was timely filed,

recommends that Plaintiff's Motion for Default Judgment be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Anderson's Motion to Dismiss (docket entry #9) be GRANTED, and that this case, in its entirety, be DISMISSED, WITHOUT PREJUDICE.

2. Defendant UAMS's Motion to Dismiss (docket entry #23) be DISMISSED, AS MOOT.

3. Plaintiff's Motion for Default Judgment (docket entry #29) be DENIED.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 27th day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

twenty days later, on May 15, 2006. *See* docket entry #15.